IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01921-STV

ARON HABTE NEGSH,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora P.C.,
U.S. ATTORNEY GENERAL,
DEPARTMENT OF HOMELAND SECURITY, and
DAVID J. VENTURELLA,[1] Acting Director U.S. Immigration and Customs Enforcement,

     Respondents.

---

**ORDER**

---

Chief Magistrate Judge Scott T. Varholak

     This matter is before the Court on Petitioner Aron Habte Negsh's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application").[2]  [#1]  The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment.  [##12, 13, 16]  In his Application, Mr. Habte Negsh seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").  [#1]  Mr. Habte Negsh

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is substituted for Todd M. Lyons.
[2] The Court must construe the Application liberally because Mr. Habte Negsh is not represented by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, the Court should not be an advocate for a *pro se* litigant.  *Hall*, 935 F.2d at 1110.

1

alleges that he has been detained for more than six months and there is no significant likelihood of his removal in the foreseeable future.  [*Id.* at 2 & 9]  He also alleges his due process rights were violated because ICE never provided him any notice of revocation of release informing him of the reason for his detention and he has not received any sort of interview.  [*Id.* at 2]  As relief he seeks immediate release from custody.  [*Id.* at 10]

On May 5, 2026, Respondents were ordered to show cause why the Application should not be granted.  [#4]  On June 4, 2026, Respondents filed a Response to the Petition for Writ of Habeas Corpus and Order to Show Cause.  [#18]  Mr. Habte Negsh did not file a reply despite having an opportunity to do so.  The Court has carefully reviewed the filings to date and the applicable case law and has determined that oral argument would not materially assist the Court in reaching a disposition.

## I.      BACKGROUND[3]

Mr. Habte Negsh is a native and citizen of Eritrea.  [#1 at 8; #18 at 2]  On October 27, 2023, border patrol agents with the U.S. Customs and Border Protection ("CBP") apprehended Petitioner in California shortly after he entered the United States.  [#18-1 at ¶ 5]  On October 28, 2023, CBP issued a Notice to Appear ("NTA") initiating removal proceedings under 8 U.S.C. § 1229a. [*Id.* at ¶ 8]  The NTA charged Petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated).  [*Id.*]  Petitioner was released on an order of recognizance.  [*Id.* at ¶ 7]

---

[3] The following facts are derived from the allegations outlined in the Application [#1], Respondents' Response [#18], and the declaration attached to Respondents' Response [#18-1].

On December 27, 2024, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal.  [*Id.* at ¶ 11]  On August 2, 2025, Petitioner was arrested in Weld County, Colorado on a charge of Second Degree Burglary of a Retailer.  [*Id.* at ¶ 9]  On October 2, 2025, Petitioner was arrested for failure to appear on the burglary charge.  [*Id.*]  Petitioner also had a new charge of Criminal Mischief (Property Damage). [*Id.*]  ICE encountered Petitioner while he was in state custody.  [*Id.*] ICE determined that Petitioner is subject to removal from the United States and lodged a detainer with the jail.  [*Id.*]  Respondents allege that Petitioner was taken into ICE custody on October 3, 2025. [*Id.* at ¶ 10]

On April 23, 2026, the Immigration Judge ("IJ") denied Petitioner's application for asylum and ordered him removed to Eritrea.  [*Id.* at ¶ 12]  The IJ also granted Petitioner's application for withholding of removal to Eritrea under 8 U.S.C. § 1231(b)(3). [*Id.*]  The IJ reserved the parties' right to appeal the decision.  [*Id.*]  Any appeal of the IJ's decision was due to the Board of Immigration Appeals 30 days from the date of service of the decision, or by May 23, 2026.  [*Id.* at ¶ 13]

On May 19, 2026, DHS timely filed an appeal of the IJ's decision granting Petitioner's application for withholding of removal.  [*Id.* at ¶ 14]  Petitioner did not appeal the IJ's decision ordering him removed.  [*Id.* ¶ 15]  Thus, according to Respondents, the order of removal became administratively final on May 24, 2026.  [*Id.* at ¶ 16]

Respondents contend that ICE is currently pursuing Petitioner's removal to a third country pursuant to 8 U.S.C. § 1231(b).  [*Id.* at ¶ 18]  On April 29, 2026, ICE served Petitioner a Form I-229(a), Warning for Failure to Depart, which notifies a noncitizen subject to a final order of removal of the consequences of taking any action to prevent

or hamper his removal.  [*Id.* at ¶ 19]  That same day, ICE served Petitioner with a Notice of Removal to Uganda.  [*Id.* at ¶ 20]  Petitioner refused to sign the notice.  *Id.* After Petitioner refused to sign the notice, ICE served Petitioner with a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), which informed Petitioner that he would remain in ICE custody until he demonstrates that he is making reasonable efforts to comply with the order of removal as well as ICE's efforts to remove him.  [*Id.* at ¶ 21]

## II.    DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  District courts may grant a writ of habeas corpus to any person who demonstrates he or she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The individual in custody bears the burden of proving detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### A.    Legal Framework for Detention

Three sections of the Immigration and Nationalization Act ("INA") authorize detention – 8 U.S.C. §§ 1225 and 1226, which concern noncitizens who are not yet subject to a final order of removal, and 8 U.S.C. § 1231, which operates after the issuance of a final order of removal.  Here, there is no dispute that Mr. Habte Negsh is subject to a final order of removal and that the statutory authority for his detention arises from Section 1231.  [# 18 at ¶ 17]  Under Section 1231, "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States

4

within a period of 90 days." § 1231(a)(1).  The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A).  If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release.  § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6).  The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

## B.    Merits of *Zadvydas* Claim

Detention of a noncitizen subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After that, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  But the presumption "does not mean that every [noncitizen] not removed must be released after six months."  *Id.*  "To the contrary, a [noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

In this case, it is undisputed that Mr. Habte Negsh has been in ICE custody since October 2025.  [##1 at 2; 18-1 at ¶ 10]  Respondents contend that he was taken into ICE custody on October 3, 2025, while Mr. Habte Negsh alleges he has been in ICE

custody since October 6, 2025. [*Id*.] In either case, it is undisputed that he has been in ICE detention for more than nine months to date. However, according to Respondents, the order of removal became administratively final on May 24, 2026. [*Id.* at ¶ 16] Mr. Habte Negsh did not file a Reply to dispute that he is subject to a final order of removal that was administratively final on May 24, 2026.

Thus, Mr. Habte Negsh is currently being detained subject to the 90-day removal period of 8 U.S.C. § 1231(a)(2), and his detention is mandatory pursuant to the statute. Accordingly, the Court finds that Mr. Habte Negsh's detention does not violate Section 1231 or the Due Process Clause of the Fifth Amendment and, therefore, the Application is denied. If after the ninety day period has concluded Mr. Habte Negsh remains detained, he may file a new habeas petition.

## III.    CONCLUSION

For the reasons stated herein, it is **ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **DENIED**, and this action is **DISMISSED** without prejudice.

DATED:  July 16, 2026                          BY THE COURT:


s/Scott T. Varholak
United States Magistrate Judge